# Columbia Mill & Elevator Co. *v.* Bingham, *et al.*

### *Assumpsit.*

(Decided Dec. 8, 1910.   53 South. 995.)

1. *Charge of Court; Directing Verdict.*—Where the evidence is in conflict as to material matters the court cannot properly direct the verdict.

2. *Evidence; Duplicate.*—If a party make a duplicate at the time of the making of the contract as a mere memorandum for himself, he need not notify the other party, and the duplicate becomes admissible when the party making it properly testifies to its making.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Columbia Mill & Elevator Company against T. C. Bingham and others for the price of certain flour, as a breach of contract of sale thereof. Judgment for defendant and plaintiff appeals. Affirmed.

R. E. TAYLOR, for appellant. The admission of evidence of Bingham as to the contents of the contract was clearly illegal.—*Potts v. Coleman*, 86 Ala. 94. The

[Columbia Mill & Elevator Co. v. Bingham, et al.]

duplicate copy should not have been admitted in evidence.—*Phillips v. Guano Co.,* 110 Ala. 523; *Potts v. Coleman, supra.* Under the evidence plaintiff was entitled to damages in the amount of seventy-two cents per barrel, and the court should have so directed.—*Hall v. Hall,* 47 Ala. 290; *Carter v. Shorter,* 57 Ala. 253.

R. J. HOOTEN, for appellee. There is no error in the admission of evidence as to the contents of the contract or in allowing the duplicate to be introduced. Both contract and duplicate was in evidence and the point of contention was which was genuine.—*R. R. Co. v. Mt. Vernon,* 84 Ala. 173; *Hancock v. Kelly,* 81 Ala. 368. Under the facts in this case the duplicate was equally original.—*Dumas v. Hunter,* 30 Ala. 75. The evidence as to the correctness of the contract was properly admitted.—*Byer v. Fields,* 134 Ala. 256. The evidence was in conflict as to the contract, and consequently, as to the price, and hence, the court properly denied the plaintiff the affirmative charge.—31 Ala. 552; 51 Ala. 349; 54 Ala. 446; 64 Ala. 299.

SIMPSON, J.—This suit is by the appellant, to recover for the breach of a contract to buy flour. The contract is not set out in the complaint, nor is the breach properly described; but the parties went to trial, without demurrer, and we will treat the points made by appellant in argument.

The witness Webb—the plaintiff's traveling salesman—testified that he had made a contract with defendant for 200 barrels of flour, giving the brands and prices, and the bill of exceptions proceeds with the words: "A copy of which is hereto attached." Then follows the paper: "Columbia Mill & Elevator Co., Columbia, Tenn. 9/29, 1907. Contract Dec. 10/07. Carrying charge 5c.

Buy after Dec. 10/07, the following articles, and upon the terms and conditions named below: Ship to T. C. Bingham & Co., at Roanoke, Ala. Ship via 'your choice.' Date of shipment, ——. Terms: Payment through sight draft with attached bill of lading, Campbell & Wright Bk. Co., Roanoke, Ala.—200 Red Seal—Bans Cotton—Red Seal $5.42, Rosemary $5.22. Millers' Federation package differentials govern. Unless otherwise specified herein, goods are to be ordered out within thirty days from this date. Buyer to pay carrying charges of 5 cents a barrel on flour and 25 cents a ton on feed for each period of 30 days or fraction thereof, on goods not ordered out within contract time payable at beginning of each period; also all advances in freight after contract shipment time. At end of contract shipment time or of any succeeding thirty day period, or other agreed time unless goods are ordered out, or on failure of buyer on demand to pay carrying charges, seller may terminate contract and resell goods for buyer's account. No verbal condition or modification is valid. (Signed) Columbia Mill & Elevator Co., Seller, per W. J. Webb. Buyer T. C. Bingham & Co." While, as above shown, this paper is spoken of only as "copy," yet it is treated, in the proceedings, as the paper claimed to be the original paper.

The plea of non est factum was interposed, properly verified. The defendant T. C. Bingham, who is the person charged by the plaintiff with executing the contract, testified that he did not sign the contract shown in evidence, but that he signed a different one, of which he made a duplicate, differing in material particulars from that introduced by plaintiff as the basis of this suit, and that for the flour which was shipped to him he was charged more than the contract price. He also stated the terms of the contract signed by him, and no objection was offered to this evidence. Another witness tes-

[Columbia Mill & Elevator Co. v. Bingham, et al.]

tified that the signature to the contract offered in evidence by the plaintiff was not the handwriting of the defendant. There being thus a conflict in the evidence as to the material point of the genuineness of the instrument introduced in evidence, the court properly refused to give the general affirmative charge in favor of the plaintiff.

The defendant testified that, at the time of the making of the original contract, he made and signed a duplicate of the contract, and offered said duplicate (not a copy of it, as appellant seems to suppose) in evidence. The objection was made by plaintiff, first, that said paper does not purport to be a duplicate; and, second, that said instrument was not executed, filled out, and delivered by plaintiff to defendant; and upon the further ground that it is not shown that the plaintiff had any knowledge of the existence of said instrument. As to the first objection, as the paper offered is not set out in the bill of exceptions, we cannot say whether or not it purported to be a duplicate. As to the second, a paper may be a duplicate, without being made out and delivered by the plaintiff to the defendant. The object of a duplicate is that each party may have a copy. And as to the third ground, a party to a contract may make a duplicate for his own use, and as a mere memorandum, to verify his own testimony, without notifying the other party. The paper introduced was but a memorandum, and may be introduced to verify the testimony of the party offering it, where he testifies that he did make it at the time the original contract was signed.

There being no error in the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J. ,and McCLELLAN and MAYFIELD, JJ., concur.